[No. 14963.   Department Two.   December 16, 1918.]

Du Pont de Nemours Powder Company, *Respondent*,
v. Hans Pederson *et al.*, *Appellants*.[1]

TROVER AND CONVERSION (29)—EVIDENCE—SUFFICIENCY—CONNEC-
TION OF DEFENDANT. The evidence fails to show a conversion by
the pledgee of a mortgage pledged to it as collateral security, where
it appears that the pledgor prosecuted a suit of foreclosure thereon
in the name and by consent of the pledgee, and had full control
of the suit, and that the mortgaged property was lost by his fault
alone, if by anyone's, when it sold for only sufficient to pay off prior
mortgages.

APPEAL (428) — REVIEW — HARMLESS ERROR — ISSUES FOUND IN
FAVOR OF APPELLANT. In an action of trover, where the jury found
on competent evidence that there was no conversion, error in evi-
dence as to the value of the property is immaterial.

Appeal from a judgment of the superior court for
King county, Jurey, J., entered December 15, 1917,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action on a promissory note. Affirmed.

*Roberts, Wilson & Skeel,* for appellants.
*Trefethen & Findley,* for respondent.

MOUNT, J.—This action was brought · to recover
against the defendants on a promissory note for $13,-
727.45, together with interest and attorney's fees as
provided for in the note. The complaint is in the
usual form. For answer, the defendant Hans Peder-
son admitted making the note, but alleged that it was
without consideration, and denied that there was any-
thing due thereon. The defendants also, by way of a
cross-complaint, alleged a conversion by the plaintiff
of a mortgage for $100,000 on certain property in the
city of Tacoma, and, by reason thereof, prayed for a
judgment for $100,000 against plaintiff. Plaintiff, for

[1]Reported in 176 Pac. 542.

answer, denied any conversion of the mortgage. Upon these issues the case was tried to the court with a jury, and resulted in a verdict and judgment for the full amount claimed by plaintiff. The defendants have appealed from that judgment. The assignments of error are to the effect that the court erred in receiving certain evidence as to the financial condition of the owner of the property on which the mortgage was made, and in admitting witnesses to testify to the market value of the mortgage and of the property covered by the mortgage, and in refusing to permit certain witnesses to testify as to the value of the mortgaged property.

In view of our conclusion that there was no conversion of the $100,000 mortgage by the respondent, it will not be necessary to consider the evidence offered or received in reference to the value of the mortgaged property or of the mortgage. While there is some dispute upon the question of conversion of the mortgage, we think the evidence is plain that there was no conversion by the respondent, and the jury must have so found in order to have found the verdict for the full amount prayed for by the respondent in its complaint. The facts in relation to the conversion are substantially as follows: At the time the defendant Hans Pederson executed the note sued upon, he was the holder of a mortgage for $100,000 upon property then owned in Tacoma by the National Realty Company. This mortgage was a third mortgage upon the building and lots covered thereby. The first mortgage was for $275,000, and the second mortgage was for $20,000, with accumulated interest, amounting in all to nearly $40,000. This second mortgage was in point of time a third mortgage. It was executed and placed on record after the $100,000 mortgage now in question, but by agreement of the appellant Pederson

it was made a second mortgage upon the premises, subject only to the prior mortgage of $275,000 and prior to the $100,000 mortgage held by him.

After the execution of the note for $13,727.45 by Mr. Pederson, and after the assignment of the $100,000 mortgage as collateral security for the loan, Mr. Pederson concluded that the rentals being received upon the building owned by the National Realty Company were not being properly applied, and conceived the idea of having a receiver appointed to take charge of the property. He thereupon requested permission of the respondent to foreclose the $100,000 mortgage in the name of respondent. Respondent consented to this and permitted the appellant to employ counsel to foreclose that mortgage and to have a receiver appointed for the building. The action was thereupon begun, and the holder of the $20,000 mortgage was made a party to the foreclosure proceedings, and it was alleged that the $20,000 mortgage was subsequent to the $100,000 mortgage. In that action a receiver was appointed and took charge of the property. The foreclosure proceeding was prosecuted to final judgment, and at the foreclosure sale the property was sold, subject to the $275,000 mortgage, for a sum sufficient only to pay the $20,000, with interest and costs, which was adjudged prior to the $100,000 mortgage. There was nothing, therefore, to apply upon the $100,000 mortgage. Afterwards this action was brought by the respondent against the appellants upon the promissory note. While, as we have indicated above, there was some dispute as to whether the appellants had prosecuted the foreclosure action upon the $100,000 mortgage, we think it is plain that they did so and that the respondent declined to have anything to do with the foreclosure of that mortgage, but permitted the appellants, at appellants' request, to proceed with

the foreclosure of that mortgage in the name of the respondent. Upon that state of facts, which the jury must have found in order to arrive at the verdict in the case, we think it is plain that there was no conversion of the $100,000 mortgage by respondent, because there was no unauthorized disposition of the $100,000 mortgage by the respondent.

In order to constitute a conversion of the pledged property, there must have been a wrongful or unauthorized disposition of it by the pledgee. 31 Cyc. 836; 21 R. C. L. 675.

The evidence in the case decisively preponderates in favor of the respondent to the effect that the foreclosure proceeding was conducted by the appellant, and the loss of the $100,000 mortgage was his own fault, if fault could be attached to any one, and was not the fault or mismanagement or active participation therein by the respondent. In this view of the case, it is not necessary to consider the evidence which was received or refused by the trial court upon the value of the $100,000 mortgage or upon the value of the property, because, before that question could become material, it must have appeared to the jury that there had been conversion by the respondent. Since there was no conversion, and since the jury must have so found upon the evidence, it is now entirely immaterial what the evidence was on the question of value of the $100,000 mortgage.

The judgment must therefore be affirmed.

Main, C. J., Fullerton, Parker, and Holcomb, JJ., concur.